UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,                Criminal No. 07-20627

v.                                          Honorable Marianne O. Battani

D-1 ALAN M. RALSKY,

                Defendant.
_____/

## STIPULATED PRELIMINARY ORDER OF FORFEITURE

The United States of America, by and through its attorneys, TERRENCE BERG, United States Attorney for the Eastern District of Michigan and JULIE A. BECK, Assistant U.S. Attorney, together with defendant ALAN M. RALSKY, by and through his attorney, STEVEN FISHMAN, hereby submit this Stipulated Preliminary Order of Forfeiture:

1.     WHEREAS, an Indictment was filed on January 3, 2008, which charged defendant with violating Count 1- 18 U.S.C. §§ 371, 1037(a)(3)-(a)(4), (b)(2)(B) and (C); Counts 2 through 4 -18 U.S.C. §§ 1037(a)(4), 1037(b)(2)(B) and C, and 2; Count 5 - 18 U.S.C. §§ 371, 1037(a)(2)-(a)(3), 1037(b)(2)(C), 1341, and 1343; Count 6 - 18 U.S.C. §§ 1037(a)(2), 1037(b)(2)(C), and 2; Count 7 - 18 U.S.C. §§ 1037(a)(3), 1037(b)(2)(C), and 2; Counts 8 through 11- 8 U.S.C. §§ 1341 and 2; Counts 12 through 25 - 18 U.S.C. §§ 1343 and 2; Count 26 - 18 U.S.C. §§ 1956(h) and 1957; Counts 27 through 38 - 18 U.S.C. §§ 1957 and 2; Count 39 - 18 U.S.C. §§ 371, 1037(a)(1), (b)(2)(C), 1030(a)(5)(A)(i), 1030(b); Count 41 - 18 U.S.C. §§ 1037(c), 981(a)(1)(C), 982(a)(1) and (2)(A) and (B), and 28 U.S.C. § 2461.

2.	WHEREAS, pursuant to Title 18, United States Code, Sections 981(a)(1)(C) and/or 982(a)(1) and Title 28, United States Code, Section 2461, if convicted of one or more of the offenses alleged in Counts 26 through 38, defendant Alan M. Ralsky shall forfeit to the United States, all property, real or personal, or any property traceable thereto, involved in the violations, or constituting proceeds or property traceable thereto of the violations, or conspiracy to commit such violations.

3.	WHEREAS, on June 22, 2009, defendant entered into a Rule 11 Plea Agreement and pled guilty to Counts 5, 6, 13, and 28 of the Indictment.

4.	WHEREAS, the parties have agreed that defendant shall forfeit Two Hundred Fifty Thousand Dollars, ($250,000) of the assets which have been seized in this case and are described below, which constitutes property, or property traceable to gross proceeds obtained from violations of Title 18, Unites States Code, Sections 1037(a), 1341, 1343 and 1957, as set forth in this Agreement.

5.	WHEREAS, pursuant to his Rule 11 Plea Agreement, with respect to the Subject Currency, defendant agrees to the entry of one or more orders of forfeiture of his interests in such property upon application by the United States at, or any time before, his sentencing in this case.

6.	WHEREAS, defendant Alan M. Ralsky waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43 regarding notice to the defendant of the Government's intent to forfeit property, pronouncement of forfeiture at sentencing, and incorporation of forfeiture in the judgment.  Defendant Alan M. Ralsky acknowledges that he understands the forfeiture of assets is part of the sentence that may be imposed in this case and waives any failure by the Court to

advise him of this, pursuant to Rule 11(b)(1)(J).

7.	WHEREAS, there is a companion civil forfeiture case, *United States v. $11,556 in U.S. Currency, et al.*, Case No. 08-12568, currently stayed, the Honorable Gerald E. Rosen, presiding. Defendant agrees to lift the stay and enter into a stipulated dismissal of that case and resolve all forfeiture matters in this Agreement.

8.	WHEREAS, Defendant Ralsky knowingly, voluntarily and intelligently waives any challenge to the above described forfeiture based upon the Excessive Fines Clause of the Eighth Amendment to the United States Constitution.

9.	NOW THEREFORE, based upon the Indictment, defendant's acknowledgment of forfeiture, and the information in the record;

> IT IS HEREBY ORDERED that the defendant shall forfeit his interest in:
>
> Ten Thousand Nine Hundred Fifty Two Dollars and Sixty Four Cents ($10,952.64) from Charter One Bank Checking Acct # xxxxxx0642 in the name of Alan Ralsky, seized pursuant to a federal seizure warrant on January 3, 2008. On the date the bank received the warrant, the amount in the account was Eight Thousand Nine Hundred Fifty Two Dollars and Sixty Four Cents in U.S. Currency ($8,952.64), which is the amount listed in the indictment. However, on the date the bank released the funds, the actual amount released was $10,952.74. The government shall forfeit the entire amount of $10,952.74.
>
> Twenty-Five Thousand Eight Hundred Seventy Six Dollars and Ninety Seven Cents ($25,876.97) from Charter One Bank Business Checking Acct # xxxxxx8659 in the name of Creative Marketing Zone, Inc./Alan and Irmengard Ralsky, seized pursuant to a federal seizure warrant on January 3, 2008. On the date the bank received the warrant, the amount in the account was Twenty-Five Thousand Eight Hundred Forty One Dollars and Seven Cents ($25,841.07), which is the amount listed in the indictment. However, on the date the bank released the funds, the actual amount released was $25,876.97. The government shall forfeit the entire amount of $25,876.97.
>
> Six Hundred Thirty-Two Dollars and Thirty-Nine Cents in U.S. Currency ($632.39) from LaSalle Bank Checking Act # xxxxx8311 in the name of Irmengard Ralsky, seized pursuant to a federal seizure warrant on January 3,

2008.

One Hundred Fifty Six Dollars and Eighty Nine Cents in U.S. Currency ($156.89) from Charter One Bank Business Checking Acct No xxxxxxxx8633 in the name of Creative Marketing Zone, Inc./Alan Ralsky and Irmengard Ralsky, seized pursuant to a federal seizure warrant on January 3, 2008.

The remaining Two Hundred Twelve Thousand Three Hundred Eighty One Dollars and Eleven Cents ($212, 381.11) shall be forfeited from Morgan Stanley/Dean Witter Account number 453-023399-010, in the name of Irmengard Ralsky, which was seized in place on January 3, 2008. The balance of the funds shall remain in the account and will not be forfeited by the government.

IT IS FURTHER ORDERED that, upon entry of this Order, the United States is hereby authorized, pursuant to Federal Rule of Criminal Procedure 32.2(d)(2), to conduct any discovery that the Court considers proper to help identify, locate, or dispose of such substitute assets, and United States is authorized to begin proceedings consistent with applicable statutory requirements pertaining to ancillary hearings and the rights of any third parties.

10.     The United States shall publish for at least thirty (30) days, on www.forfeiture.gov, an official government internet site, notice of this Preliminary Order of Forfeiture and its intent to dispose of the Subject Property in such manner as the Attorney General may direct, pursuant to 21 U.S.C. § 853(n).  Said notice shall direct that any person, other than defendant, asserting a legal interest in the Subject Property may file a petition with the Court within thirty (30) days of the final publication of notice or of receipt of actual notice, whichever is earlier.  The petition shall be for a hearing before the Court alone, without a jury and in accordance with 21 U.S.C. § 853(n), to adjudicate the validity of the petitioner's alleged interest in the property.  The petition

must be signed by the petitioner under penalty of perjury and must set forth the nature and extent of the petitioner's alleged right, title or interest in the property, the time and circumstances of the petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

11.   Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12.   The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

TERRENCE BERG
United States Attorney

_____              _____
JULIE A. BECK                                STEVEN FISHMAN
Assistant United States Attorney             Attorney for Defendant Alan M. Ralsky
211 W. Fort Street, Suite 2001               615 Griswold Street, Suite 1125
Detroit, MI 48226                            Detroit, MI 48226
(313) 226-9717                               (313) 962-4090
Julie.Beck@usdoj.gov                         sfish66@yahoo.com
[P53291]                                     [P23049]

Dated: _____, 2009                        Dated: _____, 2009

                                             _____

                                        Alan M. Ralsky
                                        Defendant

                                        Dated: _____, 2009

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

IT IS SO ORDERED.

Dated: <u>November 30, 2009</u>                s/Marianne O. Battani
                                                HONORABLE MARIANNE O. BATTANI
                                                United States District Judge

petitioner's acquisition of the right, title, or interest in the property, any additional facts supporting the petitioner's claim, and the relief sought. The United States may also, to the extent practicable, provide direct written notice to any person or entity known to have an alleged interest in the property.

11. Pursuant to Fed.R.Crim.P. 32.3(b)(3), this Preliminary Order of Forfeiture shall become final as to the defendant at the time of sentencing and shall be made part of the sentence and included in the judgment. If no third party files a timely claim, this Order shall become the Final Order of Forfeiture, as provided by Fed.R.Crim.P. 32.2(c)(2).

12. The Court retains jurisdiction to enforce this Order, and to amend it as necessary, pursuant to Fed.R.Crim.P. 32.2.

Agreed as to form and substance:

TERRENCE BERG
United States Attorney

_____
JULIE A. BECK
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI 48226
(313) 226-9717
Julie.Beck@usdoj.gov
[P53291]

Dated: 11/23, 2009

_____
STEVEN FISHMAN
Attorney for Defendant Alan M. Ralsky
615 Griswold Street, Suite 1125
Detroit, MI 48226
(313) 962-4090
sfish66@yahoo.com
[P23049]

Dated: 11/23, 2009

_____
Alan M. Ralsky
Defendant

Dated: 11/23, 2009